CARLIE CHRISTENSEN, Acting United States Attorney (#633)
CARLOS A. ESQUEDA, Assistant United States Attorney (#5386)
SAEED A. MODY, Trial Attorney, Civil Rights Division (NY Bar #4368080)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

SEP 23 2014

BY D. MARK JONES, CLERK
_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT KELLER,<br><br>Defendant. | Case No. 2:14 cr 174<br><br>STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT<br><br>Judge Evelyn J. Furse |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.    As part of this agreement with the United States, I intend to plead guilty to Count 1 of the Misdemeanor Information. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count 1, Fair Housing Act Violation, 42 U.S.C. §3631(a) are:

   (1) The defendant used threat of force;

   (2) To willfully injure, intimidate or interfere with the victims;

   (3) Because the victims were occupying a dwelling while associating with their African American family member; and

   (4) Because of the victims' race or color.

2. I know that the maximum possible penalty provided by law for Count 1 of the Misdemeanor Information, a violation of 42 U.S.C. §3631(a), is a term of imprisonment of up to one (1) year, a fine of $100,000.00, a term of supervised release of up to Twelve (12) months, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3)

     a. Additionally, I know the Court is required to impose an assessment in the amount of $25 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense [or offenses] may be ordered pursuant to 18 U.S.C. § 3663A.

     b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

     a. I have a right to the assistance of counsel at every stage of the proceeding.

     b. I have a right to see and observe the witnesses who testify against me.

     c. My attorney can cross-examine all witnesses who testify against me.

     d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

     e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.    If I plead guilty, I will not have a trial of any kind.

8.    I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

9.    I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

10.    I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

On December 30, 2013, I left a ▮▮▮▮▮ letters for the victims at their office within the housing complex. The letter threatens to harm a mixed race family living in Hurricane, Utah. I left the letter because of the victims' race and because they were living in a home while associating with their African American family member.

On the morning of December 30, 2013, I left a threatening letter in the entrance area of the community clubhouse where the victims work. The letter was addressed to JM and NM and was found inside of a white envelope, taped to mail slots where the association mail is placed. The letter says the following: "Let me say it again. If you want to live and raise Africans move to Africa or a southern state where they like blacks. We don't! Tell me when this black piece of crap wants to date. Who is he going to date your daughter or my neighbors or mine. There's no little black girls to go out with so our daughters are in line. I catch that niger (sp) around my daughter I'll kill the asshole and then go find what stupid person brought him here in the first place What next bring some little niger (sp) girls in. That's how these blacks are taking over this country dumb asses beta your people who don't think before they make a mistake. We don't want this black niger (sp) in our area so get him the hell out and with a black family. Blacks and whites don't go together. Your heading for some big trouble and you will not like the

3

out come (sp), 2 weeks and this African niger (sp) better be gone. Only warning so pay
head (sp). Keep this black ass hole away from our Ward don't want to see him anywhere
near our church. Better pay attention! Get the niger (sp) out!!! Now!"

11.    The only terms and conditions pertaining to this plea agreement between
me and the United States are as follows:

a.  **Guilty Plea.** I will plead guilty to Count 1of the Misdemeanor
Information.

b.  **Dismissal of Counts.** The United States agrees to move for leave to
dismiss Count 2 at the time of sentencing.

c.  **Relevant Conduct.** I understand and agree that the Presentence Report
may include descriptions of conduct I engaged in which either was not charged against
me, will not be pleaded to by me, or both. I understand and agree that the Court may take
these facts into consideration in sentencing.

d.  **Acceptance of Responsibility**. The government agrees to recommend that
my offense level under the U.S. Sentencing Guidelines be decreased by two levels for
acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the
opinion of the United States, I clearly demonstrate acceptance of responsibility for my
offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the
Sentencing Guidelines.

e. **Presentence Report and Financial Information.** I agree to provide
truthful and complete information, including financial information, as requested by the
probation office for the preparation of my presentence report and for determination of the
conditions of my supervised release. I also consent to allowing the United States
Attorney's Office to run a credit check on me. I consent to being placed on the Treasury
Offset Program and State Finder.

f. **Restitution.**

I understand that the government will request and that the Court may order that I
pay restitution. I also agree to pay restitution to victims of un-pleaded or uncharged
relevant conduct pursuant to 18 U.S.C. § 3663(a)(3).

I understand that the amount of restitution and the schedule of payments will be
determined as a part of the sentencing proceedings in accordance with the provisions of
18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the
payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and
my lawyer has explained the consequences of an order of restitution.

(1)     I understand that the government will recommend, and I agree that the Court should order, that during incarceration my restitution will be payable on a schedule of the greater of $10.00 every three months or 50% of my income in prison from both institution and other sources. I agree to pay restitution during any period of incarceration imposed on me.

(2)     I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

\*     \*     \*     \*

I make the following representations to the Court:

1.     I am __71__ years of age. My education consists of __high school graduate__ I __can__ [can/cannot] read and understand English.

2.     This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3.     No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.     Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5.     I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.     I am satisfied with my lawyer.

7.     My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.     I have no mental reservations concerning the plea.

5

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 23ᴿᴰ day of _September_, 2014

_____
ROBERT KELLER
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him [her], and I have assisted him [her] in completing this form. I believe that he is [she] knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 23ᴿᴰ day of _September_, 2014.

_____
KENT HART
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

6

CARLIE CHRISTENSEN
Acting United States Attorney
MOLLY J. MORAN
Acting Assistant Attorney General


CARLOS A. ESQUEDA
Assistant United States Attorney
SAEED A. MODY, Trial Attorney,
Civil Rights Division

7